# In the United States District Court
# For the Northern District of Alabama

*FILED*
03 DEC 30 AM 3:56
U.S. DISTRICT COURT
N.D. OF ALABAMA

**NAME** Doncey Frank Boykin

**PRISON NUMBER** 16386-001

CV-03-H-8051-S

**PLACE OF CONFINEMENT** Jefferson County Jail

UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF ALABAMA.

CASE NO. CR-00-H-0188-S (to be supplied by Clerk of U. S. District Court)

UNITED STATES,

v.

Doncey Frank Boykin          United States of America
(Full name of movant)

(If movant has a sentence to be served in the *future* under a federal judgment which he wishes to attack, he should file a motion in the federal court which entered the judgment.)

MOTION TO VACATE, SET ASIDE, OR CORRECT SENTENCE BY A PERSON IN FEDERAL CUSTODY

### Instructions - Read Carefully

   (1)  This motion must be legibly handwritten or typewritten, and signed by the movant under penalty of perjury.  Any false statement of a material fact may serve as the basis for prosecution and conviction for perjury.  All questions must be answered concisely in the proper space on the form.

   (2)  Additional pages are not permitted except with respect to the *facts* which you rely upon to support your grounds for relief.  No citation of authorities need be furnished.  If briefs or arguments are submitted, they should be submitted in the form of a separate memorandum.

   (3)  Upon receipt, your motion will be filed if it is in proper order.  No fee is required with this motion.

   (4)  If you do not have the necessary funds for transcripts, counsel, appeal, and other costs connected with a motion of this type, you may request permission to proceed *in forma pauperis* in which event you must execute the declaration on the last page, setting forth information establishing your inability to pay the costs. If you wish to proceed *in forma pauperis*, you must have an authorized officer at the penal institution complete the certificate as to the amount of money and securities on deposit to your credit in any account in the institution.

H1

(5)  Only judgments entered by one court may be challenged in a single motion. If you seek to challenge judgments entered by different judges or divisions either in the same district or in different districts, you must file separate motions as to each such judgment.

(6)  Your attention is directed to the fact that you must include all grounds for relief and all facts supporting such grounds for relief in the motion you file seeking relief from any judgment of conviction.

(7)  When the motion is fully completed, the *original* and *two copies* must be mailed to:

    CLERK, UNITED STATES DISTRICT COURT
    104 FEDERAL COURTHOUSE
    BIRMINGHAM, ALABAMA 35203

(8)  Motions which do not conform to these instructions will be returned with a notation as to the deficiency.

## M O T I O N

1.  Name and location of court which entered the judgment of conviction under attack _United States District Court Northern District of Alabama_

2.  Date of judgment of conviction _November 3, 2000._

3.  Length of sentence _235 Months_

4.  Nature of offense involved (all counts) _Possession of Firearm By A Felon, In Violation of 18 U.S.C. § 922(g)(1)._

5.  What was your plea?  (Check one)

    (a)  Not guilty        (✓)

    (b)  Guilty            ( )

    (c)  Nolo contendere   ( )

    If you entered a guilty plea to one count or indictment, and a not guilty plea to another count or indictment, give details: _N/A_

-2-

6.  Kind of trial:  (Check one)

(a)  Jury        ( ✓ )

(b)  Judge only  (  )

7.  Did you testify at the trial?

Yes  (  )      No  ( ✓ )

8.  Did you appeal from the judgment of conviction?

Yes  ( ✓ )    No  (  )

9.  If you did appeal, answer the following:

(a)  Name of court _The ELeveth CIRCUIT_

(b)  Result _AFFERmed_

(c)  Date of result _September 19, 2001_

10.  Other than a direct appeal from the judgment of conviction and sentence, have you previously filed any petitions, applications or motions with respect to this judgment in any federal court?

Yes  ( ✓ )    No  (  )

11.  If your answer to 10 was "yes", give the following information:

(a)  (1)  Name of court _United States Distrct Court_

(2)  Nature of proceeding _Denied_

(3)  Grounds raised _The Court was without JurisDiction to Render the Judgement or to Impose the SENtENCE_

(4)  Did you receive an evidentiary hearing on your petition, application or motion?

Yes  (  )    No  ( ✓ )

(5)  Result _N/A_

(6)  Date of result _N/A_

-3-

(b)  As to any second petition, application or motion give the same information:

    (1)  Name of court _____ N/A _____

    (2)  Nature of proceeding _____ N/A _____

_____

    (3)  Grounds raised _____ N/A _____

_____

_____

_____

_____

    (4)  Did you receive an evidentiary hearing on your petition, application or motion?

        Yes  ( )  N/A  No  ( )

    (5)  Result _____ N/A _____

    (6)  Date of result _____ N/A _____

(c)  As to any third petition, application or motion, give the same information:

    (1)  Name of court _____ N/A _____

    (2)  Nature of proceeding _____ N/A _____

    (3)  Grounds raised _____ N/A _____

_____

_____

    (4)  Did you receive an evidentiary hearing on your petition, application or motion?

        Yes  ( )  N/A  No  ( )

(d)  Did you appeal, to an appellate federal court having jurisdiction, the result of action taken on any petition, application or motion?

    (1)  First petition, etc.    Yes ( )    No ( )

    (2)  Second petition, etc.    Yes ( )    No ( )  N/A

    (3)  Third petition, etc.    Yes ( )    No ( )

-4-

(e)  If you did *not* appeal from the adverse action on any petition, application or motion, explain briefly why you did not: _____

_____

12.  State *concisely* every ground on which you claim that you are being held unlaw-fully.  Summarize *briefly* the facts supporting each ground.  If necessary, you may attach pages stating additional grounds and *facts* supporting same.

> CAUTION:  If you fail to set forth all grounds in this motion, you may be barred from presenting additional grounds at a later date.

For your information, the following is a list of the most frequently raised grounds for relief in these proceedings.  Each statement preceded by a letter con-stitutes a separate ground for possible relief.  You may raise any grounds which you have other than those listed.  However, *you should raise in this motion all available grounds* (relating to this conviction) on which you based your allegations that you are being held in custody unlawfully.

Do not check any of these listed grounds.  If you select one or more of these grounds for relief, you must allege facts.  The motion will be returned to you if you merely check (a) through (j) or any one of the grounds.

(a)  Conviction obtained by plea of guilty which was unlawfully induced or not made voluntarily or with understanding of the nature of the charge and the consequences of the plea.

(b)  Conviction obtained by use of coerced confession.

(c)  Conviction obtained by use of evidence gained pursuant to an unconstitutional search and seizure.

(d)  Conviction obtained by use of evidence obtained pursuant to an unlawful arrest.

(e)  Conviction obtained by a violation of the privilege against self-incrimination.

(f)  Conviction obtained by the unconstitutional failure of the prosecution to disclose to the defendant evidence favorable to the defendant.

(g)  Conviction obtained by a violation of the protection against double jeopardy.

(h)  Conviction obtained by action of a grand or petit jury which was unconstitutionally selected and impanelled.

(i)  Denial of effective assistance of counsel.

(j)  Denial of right of appeal.

-5-

**A.  Ground one:** _N/A_

_____

Supporting FACTS (tell your story *briefly* without citing cases or law):

_____

_____

_____

_____

**B.  Ground two:** _N/A_

_____

Supporting FACTS (tell your story *briefly* without citing cases or law):

_____

_____

_____

**C.  Ground three:** _N/A_

_____

Supporting FACTS (tell your story *briefly* without citing cases or law):

_____

_____

_____

_____

D.  Ground four: _____ N/A _____

_____

Supporting FACTS (tell your story *briefly* without citing cases or law):

_____
_____
_____
_____

13.  If any of the grounds listed in 12A, B, C, and D were not previously presented, state *briefly* what grounds were not so presented, and give your reasons for not presenting them: _____

_____
_____
_____
_____
_____

14.  Do you have any petition or appeal now pending in any court as to the judgment under attack?

    Yes  (  )    No  (✓)

15.  Give the name and address, if known, of each attorney who represented you in the following stages of the judgment attacked herein:

    (a)  At preliminary hearing _____

_____

    (b)  At arraignment and plea _____

_____

    (c)  At trial _____

_____

(d)  At sentencing _____

_____

(e)  On appeal _____

_____

(f)  In any post-conviction proceeding _____

_____

(g)  On appeal from any adverse ruling in a post-conviction proceeding

_____

_____

16.  Were you sentenced on more than one count of an indictment, or on more than one indictment, in the same court and at approximately the same time?

Yes  ( )    No  ( )

17.  Do you have any future sentence to serve after you complete the sentence imposed by the judgment under attack?

Yes  ( )    No  ( )

(a)  If so, give name and location of court which imposed sentence to be served in the future: _____

_____ N/A _____

_____

(b)  And give date and length of sentence to be served in the future: _____

_____ N/A _____

(c)  Have you filed, or do you contemplate filing, any petition attacking the judgment which imposed the sentence to be served in the future?

Yes  ( ) N/A No  ( )

-8-

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA

DONCEY FRANK BOYKIN )
PETITIONER )
)
) CASE NUMBER: CR-00 OF ALABAMA
)
03 DEC 30 PM 4:01
)
U.S DISTRICT COURT
VS. )
)
UNITED STATES OF AMERICA )
RESPONDENT )

CV-03-H-8051-S

## PETITIONER'S GROUNDS OF PETITION

Comes Now the above styled petitioner DONCEY FRANK BOYKIN And files this his petition pursuant to 28 U.S.C § 2255 And IN Support of Same this petitioner will show unto this Honorable Court the following to wit.

1 PROCEDURAL HISTORY:

The petitioner DONCEY FRANK BOYKIN was Indicted By the federal Grand Jury of the Northern District of Alabama "IN" Its JUNE 200 Session For the offense of POSSESSION OF A FIREARM By A CONVICT Felon" IN violation of 18 U.S.C 922(g)(1)

Then on August 28 2000 the petitioner was tried' By A Federal petit Jury for the Northern District of ALABAMA. For the off' of POSSESSION of A FIREARM By A CONVICTED Felon" And on this Same date, August 28 2000 A Federal petit Jury For the Northern District of Alabama Returned A verdict Finding the petitioner guilty of the offense of POSSESSION OF A FIREARM By A CONVICTED Felon"

Then on November 3. 2000 the trial Court SENTENCED the petitioner to (235 months) Federal Imprisonment. And on November 13, 200 the petitioner

Filed... in the United States Court of Appeals For the Eleventh Circuit.

Then on September 19, 2001 the United States Court of Appeals For the Eleventh Circuit Affirmed with Unpublished opinion, the Petitioner Conviction and Sentence. And on October 19 2001 the United States District Court For the Northern District of Alabama Issued Its Mandate Affirmed the decision of the United States District Court For the Northern District of Alabama.

## 2. Argument

The Petitioner Argues that on February 20, 2002 the petitioner Filed A Rule 32 petition For Relief from Conviction or Sentence In Case Number CC-87-2077 In the Circuit Court of Jefferson County, Alabama Tenth Judicial Circuit. On June 20 2002 the Alabama Court of Criminal Appeals Remanded the Cause Back with Directions.

The Petitioner Argues Further that on Oct 4 2002 the Hon Gloria Bahakel Entered A order Vacating the Second degree view In Case Number CC-87-2077 On the Same date Oct 4 2002 the Hon Gloria Bahakel Reinstated the Original Charge of First degree Robbery. On Jan 24-03 the Alabama Court of Criminal Appeals Affirmed the District Court decision. The Petitioner Argues Further that On May 13-03 This case CC-87-2077 was Dismissed upon the Request of the State of Alabama.

See (Exhibit A) A copy of the order Dated Oct 4-02 For this Honorable Courts Inspection Also See (Exhibit B) A copy of the case Action Summary Dated May 13-03 For this Honorable inspection. Also (Exhibit C) And (Exhibit D)

3. Conclusion the petitioner moves this Honorable Court to set this matter down for Resentencing on the grounds the petitioner No longer Have this Conviction case Number CC-87-2077 And No Longer Arm Career Criminal Under 924(e) Status

Done this the 11 Day of Dec 03

Respectfully Submitted

Gwenn Bumpin

## IN THE CIRCUIT COURT OF JEFFERSON COUNTY, ALABAMA
## TENTH JUDICIAL CIRCUIT

DONCEY FRANK BOYKIN,       )

       PETITIONER,       )

VS.       .       )       CASE NO.  CC-87-1452

       )                    CC-87-2029

STATE OF ALABAMA,       )

       RESPONDENT.       )

## ORDER

       Pursuant to the Order issued by the Alabama Court of Criminal Appeals, the petitioner herein was ordered back from prison and an evidentiary hearing was held this date relative to the Rule 32 Petitions filed in each of the cases noted hereinabove.  The petitioner was present in open court in person, and Deputy District Attorney J. Michael Philpott was present on behalf of the State of Alabama.  Evidence was presented by the petitioner, and considered by the Court.  Evidence was also presented by the State of Alabama, including State's Exhibits A and B, which are copies of the indictments in each case, as well as copies of Grand Jury testimony relative to each case.  After due consideration of all of the evidence presented herein, the Court finds as follows:

       **[1]**      In Case Number CC-87-1452.60, both the indictment and Grand Jury transcript clearly show that the petitioner was aided and abetted by a co-defendant, who represented to the victim herein that he was armed with a pistol during the commission of the crime of Robbery in the First Degree, and that the Court had jurisdiction to accept the petitioner's guilty plea to the amended charge of Robbery in the Second Degree (See State's Exhibits A and B which are attached hereto, incorporated herein by reference and marked as EXHIBIT "A" and EXHIBIT "B", respectively, to this Court's Order.)  Additionally, the "Court's Exhibit A" and "Court's Exhibit B" forms, executed by the petitioner at the time he entered his guilty plea herein further exemplifies that he was well aware of the nature of the charges against him and he entered his guilty plea willingly and knowingly. (See "Court's Exhibit A" and "Court's Exhibit B" which are attached hereto, incorporated herein by reference and marked as EXHIBIT "C" and EXHIBIT "D", respectively, to this Court's Order.)

       **[2]**      In Case Number CC-87-2029.60 both the indictment and Grand Jury transcript fail to show that the petitioner was aided and abetted by a co-defendant in the commission of the crime of Robbery in the First Degree.  The Court has been unable to get former Judge J. Richmond Pearson's court reporter, one Laurie Calvert, to prepare a transcript of the plea in that case, therefore,  in considering the limited

BOYKIN v. STATE of ALABAMA
CC-87-1452
CC-87-2029
<u>ORDER</u>
Page 2

information this Court has before it, it appears that the undersigned's predecessor, Judge J. Richmond Pearson, was without jurisdiction to amend the original indictment from Robbery in the First Degree to Robbery in the Second Degree, or to impose sentence for same. Therefore, the petitioner's plea of guilty to the amended charge of Robbery in the Second Degree, heretofore entered on June 22, 1987, is hereby vacated, and the petitioner's original charge of Robbery in the First Degree is reinstated and remains valid. The said case shall be reset for trial in due course.

[3]     The Clerk is directed to forward a copy of this Order to Deputy District Attorney J. Michael Philpott and to the petitioner.

**DONE and ORDERED** this the 4th day of October 2002.

_____
**GLORIA BAHAKEL**
**Circuit Judge**

ACRO369   A L A B A M A   J U D I C I A L   I N F O R M A T I O N   C E N T E R

CASE ACTION SUMMARY
CONTINUATION

CASE: CC 1987 002029.00
JUDGE ID:   GTB

STATE OF ALABAMA                    VS    BOYKIN DONCEY FRANK

| DATE | ACTION, JUDGMENTS, CASE NOTES |
|------|-------------------------------|
| 10/15/03 | Motion for Discovery |
| 10-17-03 | Motion for Discovery is Denied. This case was Dismissed on 5-13-03 upon request of the State of Alabama. The Clerk is directed to forward a copy of this CAS to the Defendant. (See .80 CAS for Dismissal Order) _Gloria Rabab.y_ Judge |
| 10-23-03 | D.A. & deft. notified / DATE I was Notified |



RELEASED

JUN 28 2002

CLERK
COURT CRIMINAL APPEALS

**Notice:** This opinion is subject to formal revision before publication in the advance sheets of **Southern Reporter**. Readers are requested to notify the **Reporter of Decisions**, Alabama Appellate Courts, 300 Dexter Avenue, Montgomery, Alabama 36104-3741 ((334) 242-4621), of any typographical or other errors, in order that corrections may be made before the opinion is printed in **Southern Reporter**.

# ALABAMA COURT OF CRIMINAL APPEALS

## OCTOBER TERM, 2001-2002

---

### CR-01-1394

---

### Doncey Frank Boykin

### v.

### State of Alabama

### Appeal from Jefferson Circuit Court
### (CC-87-1452.60 and CC-87-2029.60)

COBB, Judge.

After having been indicted for two counts of <u>first-degree</u> robbery, Doncey Frank Boykin pleaded guilty to two counts of second-degree robbery on June 22, 1987. The trial court

CR-01-1394

sentenced him to two concurrent sentences of 15 years in prison.  Boykin did not appeal.

On February 22, 2002, Boykin filed a Rule 32, Ala. R. Crim. P., petition.  After the State had responded, the circuit court summarily denied the petition.  This appeal followed.

We do not address Boykin's claims in his petition or on appeal.  Rather, we notice, _ex mero motu_, a problem involving the jurisdiction of the trial court to accept one of Boykin's guilty pleas.  See _Ex parte Cole_, [Ms. 1010079, March 15, 2002] ___ So. 2d ___, ___ (Ala. 2002) ("When, as here, an indictment for first-degree robbery fails to set forth facts from which one might conclude that the defendant was aided in the robbery by another participant -- an essential element of the offense of second-degree robbery -- the insufficiency of the factual basis for a guilty plea to second-degree robbery may be subsequently attacked on the basis that the trial court lacked subject-matter jurisdiction to accept the plea.").

Boykin has attached to his petition what he alleges are copies of the indictments in these cases.  The indictment in question reads as follows:

2

CR-01-1394

"[Boykin] did, in the course of committing a theft
of Ninety-Five Dollars of the lawful currency of the
United States of America, a more particular
description and denomination of which is to the
grand jury otherwise unknown, the property of
Carolyn Snodgrass, threaten the imminent use of
force against the person of Carolyn Snodgrass, with
the intent to compel acquiescence to the taking of
or escaping with the property, while [Boykin] was
armed with a deadly weapon or dangerous instrument,
to wit: a pistol, in violation of Section 13A-8-41
of the Alabama Criminal Code."

(C. 34.)[1]

"If at these guilty-plea proceedings, the
indictment was 'amended,' the State was required to
comply with Rules 13.5(a) and 13.2(c)[, Ala. R.
Crim. P.,] and to confine its 'amendment' to lesser
offenses necessarily included within the offense of
first-degree robbery. In this respect, a defendant
charged with first-degree robbery by an indictment
that describes the defendant's conduct as occurring
in the presence of another aiding him could plead
guilty to second-degree robbery as a lesser-included
offense, because robbery in the second degree
requires the use of force or the threatened use of
force while the defendant is 'aided by another
person actually present.' § 13A-8-42, Ala. Code
1975. ..."

"....

"When, as here, an indictment for first-degree
robbery fails to set forth facts from which one
might conclude that the defendant was aided in the

---

[1]The other indictment is similar, but includes the fact
that Boykin "aid[ed] and abet[ted] another person whose name
is to the grand jury otherwise unknown." (C. 33.) Therefore,
that indictment is valid and is not addressed in this opinion.

3

CR-01-1394

> robbery by another participant -- an essential
> element of the offense of second-degree robbery --
> the insufficiency of the factual basis for a guilty
> plea to second-degree robbery may be subsequently
> attacked on the basis that the trial court lacked
> subject-matter jurisdiction to accept the plea. Had
> the trial court obtained Cole's consent to amend the
> indictment charging first-degree robbery by adding
> the fact that another participant was present, no
> new offense would have been charged because first-
> degree robbery is broad enough to include such an
> element. An indictment so amended, permitting a
> defendant to plead guilty to second-degree robbery,
> would not run afoul of Rule 13.5(a). That, however,
> did not occur here. To treat the proceedings in
> this case as if the original indictment included
> that additional fact just because Cole pleaded
> guilty would disregard the settled principle that
> one cannot consent to an improper amendment to an
> indictment."

Cole, ___ So. 2d at ___.

As in Cole, one of the first-degree robbery indictments in this case apparently "fails to set forth facts from which one might conclude that the defendant was aided in the robbery by another participant -- an essential element of the offense of second-degree robbery... ." Id.

We cannot determine from the copy of the indictment attached to Boykin's petition or from the record before us whether the indictment in question is the actual indictment from this case. We also cannot determine whether the indictment was amended with Boykin's consent. Therefore, we

CR-01-1394

remand this cause to the circuit court in order for it to take evidence, if necessary, to determine whether Boykin's plea to second-degree robbery as charged in the indictment quoted above is valid.

If the circuit court finds that the indictment returned against Boykin did not contain facts sufficient to allege second-degree robbery, the plea is not valid, and it shall vacate the plea.  However, Boykin's original indictment for first-degree robbery remains valid.  Cole, supra.  The State may try Boykin on this charge or may reindict Boykin for the proper offense.  See Cole, ___ So. 2d at ___ ("A reindictment after a conviction that has been held to be void does not constitute double jeopardy because, if a court is without jurisdiction, there can be no valid conviction; hence there is no jeopardy.").

Due return shall be made within 56 days of the release of this decision.

We pretermit discussion of Boykin's other claims until return to remand.

REMANDED WITH DIRECTIONS.

5

CR-01-1394

McMillan, P.J., and Shaw and Wise, JJ., concur.  Baschab,
J., concurs in the result.

6

# Court of Criminal Appeals

State of Alabama
Judicial Building, 300 Dexter Avenue
**P. O. Box 301555**
**Montgomery, AL 36130-1555**



RELEASED

JAN 2 4 2003

CLERK
ALA COURT CRIMINAL APPEALS

H.W."BUCKY" McMILLAN
Presiding Judge
SUE BELL COBB
PAMELA W. BASCHAB
GREG SHAW
A. KELLI WISE
Judges

Lane W. Mann
Clerk
Wanda K. Ivey
Assistant Clerk
(334) 242-4590
Fax (334) 242-4689

**MEMORANDUM**

CR-01-1394                    Jefferson Circuit Court CC-87-1452.60
                                              and CC-87-2029.60

Doncey Frank Boykin v. State of Alabama

On Return to Remand

Cobb, Judge.

After having been indicted for two counts of first-degree robbery, Doncey Frank Boykin pleaded guilty to two counts of second-degree robbery on June 22, 1987. The trial court sentenced him to two concurrent sentences of 15 years in prison. Boykin did not appeal.

On February 22, 2002, Boykin filed a Rule 32, Ala. R. Crim. P., petition. After the State had responded, the circuit court summarily denied the petition. Boykin appealed the circuit court's summary denial of his petition.

1

On June 28, 2002, this Court remanded this cause to the circuit court to take evidence, if necessary, to determine whether Boykin's plea to second-degree robbery in case CC-87-2029.60 was valid, as the indictment supplied by Boykin in his petition did not allege sufficient facts to support a conviction for second-degree robbery. All judges concurred, with Baschab, J., concurring in the result.

On return to remand, the trial court found:

> "In Case Number CC-87-2029.60[,] both the indictment and Grand Jury transcript fail to show that the petitioner was aided and abetted by a co-defendant in the commission of the crime of Robbery in the First Degree.  The Court has been unable to get [the] former ... court reporter ... to prepare a transcript of the plea in that case[;] therefore, in considering the limited information this Court has before it, it appears that the [original trial judge] was without jurisdiction to amend the original indictment from Robbery in the First Degree to Robbery in the Second Degree, or to impose sentence for same.  Therefore, the petitioner's plea of guilty to the amended charge of Robbery in the Second Degree, heretofore entered on June 22, 1987, is hereby vacated, and the petitioner's original charge of Robbery in the First Degree is reinstated and remains valid.  The said case shall be reset for trial in due course."

(Order on return to remand.)  The circuit court attached copies of the indictments to its order.

The information before this Court supports the circuit court's findings concerning CC-87-2029.60.  Therefore, we affirm its judgment and do not address any of Boykin's claims on appeal pertaining to CC-87-2029.60.  However, as for Boykin's other conviction for second-degree robbery, CC-87-1452.60, which the circuit court found to be legal, there