FILED
 2006 Sep-06 PM 04:13
 U.S. DISTRICT COURT
 N.D. OF ALABAMA

# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ALABAMA
# SOUTHERN DIVISION

| | |
|---|---|
| DONCEY FRANK BOYKIN, ) | |
| ) | |
| Defendant/Movant, ) | |
| ) | |
| v. ) | 2:00-cr-00188-JHH-JEO |
| ) | 2:03-cv-08051-JHH-JEO |
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Respondent. ) | |

## MEMORANDUM OPINION

This matter is again before the court on the motion of defendant Doncey Frank Boykin to "Secure Jurisdiction" wherein the defendant asserts that this court should "acquire jurisdiction of this cause pursuant to 'Article III of the United States Constitution' and 'Title [sic] 2241.'"  (Doc. 3 (hereinafter "Motion")).[1] Upon consideration, the court finds that the motion is due to be denied.

## PROCEDURAL HISTORY

Boykin was convicted following a jury trial on August 28, 2000, on the charge of possessing a firearm after being convicted of a felony.  *See* 18 U.S.C. § 922(g)(1).  He was sentenced on November 3, 2000, as an armed career criminal,

---

[1] References to "Doc. ___" are to the documents as numbered by the Clerk of the Court in the court's record in this case.  The Motion is numbered under the civil action number 2:03-cv-08051-JHH-JEO.

premised on the fact that he had three prior qualifying violent felonies. *See* 18 U.S.C. § 922(e).[2] He was sentenced to serve 235 months in prison, with a supervised release period of five years following his release, and a fine of $3,000.00. (Ex. C at pp. 7-8; Ex. D).[3] His conviction and sentence were affirmed by the Eleventh Circuit Court of Appeals on September 19, 2001, in an unpublished opinion. (Ex. E). A mandate was issued on October 18, 2001. (Doc. 32).

Following affirmance of his conviction and sentence, the defendant filed his first motion to vacate, set aside, or correct his conviction and sentence on February 7, 2002, pursuant to 28 U.S.C. § 2255. (Doc. 33). He asserted that the trial jury was not properly sworn prior to deliberating and that the grand jury did not consider and return the indictment against him. (*Id.*). He amended the motion, asserting that (1) the government had failed to prove his prior convictions that were used to enhance his sentence, (2) the Supreme Court's decision in *Apprendi*[4]

---

[2] 18 U.S.C. § 924(e) provides, in pertinent part, as follows:

> In the case of a person who violates section 922(g) of this title and has three previous convictions by any court referred to in section 922(g)(1) of this title for a violent felony or a serious drug offense, or both, committed on occasions different from one another, such person shall be fined under this title and imprisoned not less than fifteen years, and, notwithstanding any other provision of law, the court shall not suspend the sentence of, or grant a probationary sentence to, such person with respect to the conviction under section 922(g).

18 U.S.C. § 924(e)(1).

[3] The exhibits are located at document 53.

[4] *Apprendi v. New Jersey*, 530 U.S. 466, 120 S. Ct. 2348, 147 L. Ed. 2d 435 (2000).

precluded the use of an enhanced penalty in his situation, and (3) the court made improper comments to the jury during the conclusion of their service that demonstrated bias. (Doc. 37). On December 17, 2002, the court denied the motion and the amendment thereto on the merits. (Ex. G). The defendant did not appeal the denial of relief.

The defendant filed a post-conviction petition on February 22, 2002 (doc. 47, Memorandum Opinion at 1), pursuant to ALABAMA RULE OF CRIMINAL PROCEDURE 32 in state court challenging two of his prior convictions. The trial court summarily denied his petition. On appeal of the denial of relief, the Alabama Court of Criminal Appeals noticed "ex mero motu, a problem involving the jurisdiction of the trial court to accept one of Boykin's guilty pleas." (*Id*. at 2).[5] The Court of Criminal Appeals remanded the matter to the trial court so that it could make a determination of whether the second-degree robbery plea was valid. (*Id*. at 5). On October 4, 2002, the trial judge entered an order vacating the defendant's June 22, 1987, plea to second-degree robbery. (*Id*., Order at 2). The original first-degree robbery charge was reinstated. The case was then dismissed on May 13, 2003, on motion of the District Attorney. (*Id*., Docket Sheet at 1).

---

[5] The court found that "one of the first-degree robbery indictments in this case apparently 'fails to set forth facts from which one might conclude that the defendant was aided in the robbery by another participant - - an essential element of the offense of second-degree robbery. . ." (*Id*. at 4 (citation omitted)).

On December 30, 2003, Boykin filed a second motion to vacate his sentence in this court. (Doc. 47). He asserted that he should be resentenced in the present matter without the enhancement as an armed career criminal because one of his prior Jefferson County Circuit Court convictions for second-degree robbery had been vacated on October 4, 2002. (Doc. 47, Attached Pleading at 2). The court required the United States to file a response to the defendant's motion. In its response, the United States asserted that the defendant's motion should be dismissed because he had not obtained permission from the United States Court of Appeals for the Eleventh Circuit to file a successive motion under § 2255.[6] (Doc. 52 at p. 3). The court afforded the defendant an opportunity to reply. He filed a lengthy response, but did not address the procedural issue raised by the United States. (Doc. 54). Because the defendant could not satisfy this jurisdictional requirement, the court dismissed the motion without prejudice to allow the defendant an opportunity to seek permission from the Eleventh Circuit Court of Appeals to file a successive motion. (Doc. 55 & 56).

On April 4, 2005, the Eleventh Circuit denied his application for leave to file a second or successive motion to vacate, set aside, or correct his sentence. (Doc. 58). In doing so, the court stated:

---

[6] *See* 28 U.S.C. § 2255 at ¶ 8 ("A second or successive motion must be certified as provided in section 2244 by a panel of the appropriate court of appeals . . . .").

> In his application, Boykin indicates that he wishes to raise the following claim in a second or successive § 2255 motion: that he should be re-sentenced by the district court as a non-armed career criminal because his prior conviction was vacated by the state court. Boykin asserts that his claim relies upon newly discovered evidence, that being the state court's vacating his prior state court conviction. However, because Boykin challenges his sentence and not whether he is guilty of the offense, he does not satisfy "the newly discovered evidence exception for filing a successive § 2255 motion." See In re Dean, 341 F.3d 1247, 1249 (11th Cir. 2003).

(Id.).

On August 26, 2005, the defendant filed the present motion seeking to have this court review his sentence pursuant to "Article III of the United States Constitution" and 28 U.S.C. § 2241.  (Motion at 1).  He does not challenge his conviction for being a felon in possession of a weapon in violation of 18 U.S.C. § 922(g)(1).  Instead, he claims that he is now innocent of the enhanced sentence imposed under the Armed Career Criminal Act because he was successful in having the state courts vacate one of the three prior felony convictions that led to his enhanced sentence.  The United States was required to respond to the defendant's claim.  It asserts that he is entitled to no relief in that this claim is precluded from review because his motion was filed outside of the statute of limitations and he cannot satisfy the requirements of the savings clause under § 2255.  (Doc. 7 (hereinafter "Response")).

5

## DISCUSSION

Motions to vacate a conviction or correct a sentence brought pursuant to § 2255 are subject to a one-year statute of limitations. 28 U.S.C. § 2255 at ¶ 6. In pertinent part, the statute of limitations provides that the period runs from "the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence." 28 U.S.C. § 2255 at ¶ 6(4). In *Johnson v. United States*, 544 U.S. 295, 125 S. Ct. 1571, 161 L. Ed. 2d 542 (2005), the Supreme Court held that the vacatur of a state court conviction that was used to enhance a federal sentence was a "fact" under § 2255 at ¶ 6(4) that renews the running of the one-year statute of limitations for attacking a federal sentence. The Court also held that a defendant must act diligently as soon as he is in a position to realize that he has an interest in challenging the prior conviction. *Johnson*, 544 U.S. at 308-10.

In the present case, the defendant did not timely file a motion pursuant to § 2255. He met the first requirement of *Johnson* in that he filed his state challenge within three months of his federal sentence becoming final. However, the record before this court shows that he was not diligent in filing his § 2255 motion following the State trial court's decision to vacate the conviction. The State court vacated the conviction on October 4, 2002. The defendant did not file his second

§ 2255 motion until December 10, 2003.[7] Because it was filed two months after the expiration of the renewed limitations period, it was untimely.[8] Accordingly, the court cannot find that he has met the *Johnson* requirements for relief under § 2255.

To the extent that the defendant seeks relief pursuant to § 2241 and "Article III of the United States Constitution," the court finds that he is not entitled to such. The Eleventh Circuit Court of Appeals consistently has made it clear that a habeas corpus petition may not be brought pursuant to § 2241 as a substitute for filing the same pursuant to § 2255. *See McGhee v. Hanberry*, 604 F.2d 9, 11 (5th Cir. 1979). In *Wofford v. Scott*, 177 F.3d 1236 (11th Cir. 1999), the court held that a habeas corpus petitioner could not use § 2241 to circumvent the prohibitions in § 2255 against the filing of successive petitions by arguing that the limitations period therein made the statute inadequate and ineffective for him to challenge the legality of his conviction.[9] To proceed under § 2241, the court held that a

---

[7] Affording the defendant every benefit, the court has used this date

[8] As previously noted, it was also improperly filed without permission of the Eleventh Circuit Court of Appeals. (Doc. 55).

[9] The pertinent portion of § 2255 provides:
   An application for a writ of habeas corpus on behalf of a prisoner who is authorized to apply for relief by motion pursuant to this section, shall not be entertained if it appears that the applicant has failed to apply for relief, by motion, to the court which sentenced him, or that such court has denied him relief, unless it also appears that the remedy by motion is inadequate or ineffective to test the legality of his detention.

28 U.S.C. § 2255.

defendant must show "(1) that [the] claim is based upon a retroactively applicable Supreme Court decision; (2) the holding of that Supreme Court decision establishes [that] the petitioner was convicted for a nonexistent offense; and, (3) circuit law squarely foreclosed such a claim at the time it otherwise should have been raised in the petitioner's trial, appeal, or first § 2255 motion." *Wofford*, 177 F.3d at 1244.  To avail himself of the § 2241 remedy under *Wofford*, a defendant must satisfy all three criteria.  *Id*.  If all three criteria are satisfied, the proper inquiry in the § 2241 proceeding is whether the defendant can show actual innocence.  *Id*. at 1244 n.3.[10]

The court finds that a review of the defendant's claim is barred because he has not satisfied any of the requirements of § 2255's savings clause.  First, he has not advanced a claim that is based upon a retroactive Supreme Court decision. Second, there is no holding of the Supreme Court establishing that the defendant

---

[10]The Court stated:

> Even if the petitioner established that the savings clause of § 2255 applies to open the portal to a § 2241 proceeding, the proper inquiry in that § 2241 proceeding will be whether the petitioner can establish actual innocence of the crime for which he has been convicted, as "actual innocence" is defined in *Bousley v. United States*, 523 U.S. 614, 118 S. Ct. 1604, 140 L. Ed. 2d 828 (1998).  The Supreme Court held in *Bousley* that even in a first collateral attack proceeding, a petitioner who had procedurally defaulted a *Bailey* [v. *United States*, 516 U.S. 137, 116 S. Ct. 501, 133 L. Ed. 2d 472 (1995),] claim by not raising it on appeal was required to prove actual innocence before obtaining relief on that claim.  It would make no sense for a petitioner who had defaulted on a claim twice (on direct appeal and in a previous § 2255 proceeding) to be better off than one who had defaulted the claim only once (on direct appeal).

*Wofford*, 177 F.3d at 1244 n.3.

was convicted of a nonexistent offense. Third, he has not shown that circuit law foreclosed his claim at an earlier juncture.[11]

The defendant had every opportunity from the date of his state robbery conviction on June 22, 1987, to challenge the same. However, he did not do so until after it was used thirteen years later to enhance his federal sentence. Although that delay in failing to act may be excusable under *Johnson*, his unexplained delay in filing the second § 2255 motion following the vacatur is not. Accordingly, he should not be permitted to use § 2241 to circumvent the requirements of § 2255. *See McGhee*, 604 F.2d at 10 ("A petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 is not a substitute for a motion under § 2255. . . ."). This is particularly true where the defendant has offered no explanation for his failure to timely act after the State court vacated the conviction despite being afforded an opportunity to do so.[12] *See Rivers v. United States*, 416 F.3d 1319, 1323 (11th Cir. 2005) (the court noted the defendant's failure to explain what efforts he made to obtain the necessary records and what delay was

---

[11] With regard to this last item, the evidence is to the contrary. The defendant could have challenged his prior second-degree robbery conviction at any time between 1987 and his federal conviction because it involved a jurisdictional defect.

[12] The court afforded the defendant an opportunity to reply to the arguments offered by the United States in opposition to his motion. He did file a response, but he did not explain why his second motion was untimely. (See Doc. 8).

To the extent that the defendant might argue that he did not act until the original case was dismissed, the court finds that reasoning unpersuasive. When the State court vacated the conviction, it became null and void. The defendant was required to act accordingly. There was no need to wait for further State court action because the conviction that was used for enhancement purposes no longer existed.

attributable to the state clerk with regard to the filing of his state petition to challenge the conviction used to enhance his federal sentence).

## CONCLUSION

Premised on the foregoing, the court finds that the defendant's motion to "secure jurisdiction" (doc. 3) is due to be denied. An appropriate order will be entered.

**DONE** this the ___6th___ day of September, 2006.

*James H. Hancock*
SENIOR UNITED STATES DISTRICT JUDGE